# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 4:22-cv-00317 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES**, Radley Bradford ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Experian Information Solutions, Inc. ("Defendant" or "Experian"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resided in the Southern District of Texas, Defendant conducts business in the Southern District of Texas, a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas, and a substantial part of the property that is the subject of this action is situated in the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, owned and resided in Houston, Texas.

5. Defendant is a corporation in the state of Ohio and is authorized to do business in the State of Texas. Experian is in the business of compiling and maintaining files on consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

## FACTS SUPPORTING CAUSE OF ACTION

6. On February 26, 2018, Plaintiff opened an account with CareCredit, which was issued through Synchrony Bank ("subject account").

7. Plaintiff experienced financial difficulty and was unable to remain current on the subject account.

8. Subsequently thereafter, due to the Covid-19 pandemic, Plaintiff sought relief through Synchrony Bank to assist with his delinquent subject account.

9. After seeking the relief from Synchrony, Plaintiff was told that Synchrony Bank will not be reporting any delinquent items on his credit file during his relief period.

10. Consequently, on February 7, 2021 and August 8, 2021, Plaintiff routinely checks his credit reports and discovered that the subject account was still reporting as delinquent during Plaintiff's relief period.

11. As a result, Plaintiff submitted electronic disputes to Defendant as to the inaccurate reporting of the subject account.

12. Upon information and belief, Defendant received both of Plaintiff's disputes.

13. Defendant failed, on two occasions, to respond to Plaintiff's disputes.

14. Much to Plaintiff's chagrin, Plaintiff found that Defendant was still reporting the subject account and failed to mark as disputed.

**IMPACT OF DEFENDANT'S FAILURE TO RESPOND**

15. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

16. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

17. Plaintiff restate and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

19. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

20. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

21. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

22. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

23. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

24. A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation. 15 U.S.C. §1681i(a)(1)(A).

25. Experian violated 15 U.S.C. §1681i(a)(6)(A) by failing to respond to Plaintiff's dispute letters.

26. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

27. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to provide the consumer with accurate information.

28. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

29. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and Plaintiff's right to receive information pertaining to his credit file.

30. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, RADLEY BRADFORD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: January 31, 2022

Respectfully submitted,

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
mbadwan@sulaimanlaw.com